Orly Taitz, ESQ
CBL 223433
29839 SANTA MARGARITA PKWY, STE 100
RANCHO SANTA MARGARITA, CA 92688
PH. 949-683-5411 FAX 949-766-7603
ORLY.TAITZ@GMAIL,COM
COUNSELOR FOR THE PLAINTIFF

US DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| DEFEND OUR FREEDOMS FOUNDATION,<br><br>    Plaintiff,<br><br>  vs.<br><br>SENATOR CHUCK SCHUMER IN HIS CAPACITY AS THE SENATE MAJORITY LEADER, VICE PRESIDENT KAMALA HARRIS IN HER CAPACITY AS THE PRESIDENT OF THE SENATE,<br><br>    Defendants | Case No.: 8:21-cv-00120<br><br>DEFEND OUR FREEDOMS FOUNDATION V SENATOR CHUCK SCHUMER AND VICE PRESIDENT KAMALA HARRIS<br>Hon. Cormac J. Carney Presiding |

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION-STAY OF THE SENATE IMPEACHMENT TRIAL OF PRIVATE CITIZEN DONALD TRUMP, WHO IS NO LONGER IN OFFICE, UNTIL THE MATTER IS HEARD ON THE MERITS AND THE TRIAL IS PERMANENTLY VACATED**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE** that, on FEBRUARY 1, 2021, at 1:30 PM or as soon thereafter as counsel may be heard by the Honorable CORMAC J. CARNEY, Courtroom 9B, United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701-4516. DUE TO THE URGENCY OF THE MATTER, namely a senate trial of private individual Donald J. Trump, scheduled to start on February 8, the counsel for the plaintiff, seeking to STAY it via preliminary injunction attached herein, was not able to have a Meet and Confer with the opposing counsel yet and will seek to do so at the earliest time it will be humanly possible.

## MOTION FOR PRELIMINARY INJUNCTION-STAY OF THE SENATE IMPEACHMENT TRIAL OF PRIVATE CITIZEN DONALD TRUMP, WHO IS NO LONGER IN OFFICE, UNTIL THE MATTER IS HEARD ON THE MERITS AND THE TRIAL IS PERMANENTLY VACATED

### MEMORANDUM OF POINTS AND AUTHORITIES

### HISTORY AND BACKGROUND OF THE CASE

Plaintiff, Defend Our Freedoms Foundation (Hereinafter "DOFF") is a California Foundation. Multiple members of the foundation are among nearly 75 million Americans, roughly half of the U.S. voters, who voted for Donald Trump for President in 2020 and intend to vote for him in 2024 or other future elections, and they argue that a senate trial for removal from office of Donald Trump after he already left office, is moot, unconstitutional and utterly void of any legal basis, and aimed at depriving his voters, members of the DOFF foundation, of their first amendment right to vote for him and have him elected in 2024 or at any other time in the future.

Defendants are Senator Chuck Schumer (Hereinafter "Schumer") who is sued in his capacity as the Senate Majority Leader and Vice President Kamala Harris (Hereinafter "Harris") who is sued in her capacity as the President of the Senate. Both Schumer and Harris are in charge of the unconstitutional trial of private citizen Donald Trump to remove him from the position of the US President after he already left the position of the US President. Forty Fifth President of the United States, Donald Trump, ended his presidency at 12:00 Noon on 01.20.2021. Joe Biden has been sworn in as the Forty Sixth President of the United States.

US Senate is currently seeking to try Donald Trump, a private individual, who is no longer in office.

The U.S. Constitution gives the U.S. Senate the right to conduct a trial in only one instance, under Article 2, Section 4 of the US Constitution, which states: "The President, Vice President and all civil Officers of the United States, **shall be removed from Office on Impeachment** for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors." (emphasis added).

The plain language of the US constitution allows the US Senate to conduct trial of **a sitting president,** not a private individual, and gives it only one remedy, removal from office. It does not give the U.S. Senate a constitutional right to try a private individual who is no longer in office. A planned trial is unconstitutional and with no legal basis. This trial, based on admissions of the Senate majority

leader, is planned to prevent Donald Trump from running for office again https://www.reuters.com/article/us-usa-trump-impeachment-schumer/schumer-says-senate-could-vote-on-barring-trump-from-running-for-office-again-idUSKBN29I33P. Such unconstitutional and illegal actions by the Senate will deprive the members of the Defend Our Freedoms Foundation of their Constitutional First Amendment right of political speech, namely, to vote for Donald Trump in future elections.

## ARGUMENT

"The function of a preliminary injunction is to maintain the status quo ante litem pending a determination of the action on the merits. The status quo is the last uncontested status preceding the commencement of the controversy." Washington Capitals Basketball Club, Inc. v. Barry, 419 F.2d 472, 476 (9th Cir. 1969). The plaintiff is seeking to stay the senate trial of private citizen Donald Trump until the matter can be heard on the merits and the trial can be vacated.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 provides that: (1) The court may issue a preliminary injunction only on notice to the adverse party and (2) before or after beginning a hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Fed. R. Civ. P. 65. "The basis for injunctive relief [] in the federal courts has always been irreparably injury and the inadequacy of legal remedies." Weinberger v. RomeroBarcelo, 456 U.S. 305, 312 (1982). "District courts in the Ninth Circuit use two tests when analyzing a request for a temporary or preliminary injunction: the 'traditional-' and 'alternative-' criteria tests." Imperial v. Castruita, 418 F.Supp.2d

Under the former test, the plaintiff must show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Id. Under the alternative, or "serious questions" test, "a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Towery v. Brewer, 672 F.3d 650, 657 (9th Cir. 2012). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset and a weaker showing of another." Id. Under either test, the plaintiff is likely to succeed on the merits and is likely to suffer irreparable harm, balancing the scales heavily in plaintiff's favor.

**PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS**

**As stated previously,** The US Constitution gives the US Senate the right to conduct a trial in only one instance, under Article 2, Section 4 of the US Constitution, which states: "The President, Vice President and all civil Officers of the United States, **shall be removed from Office on Impeachment** for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors." (emphasis added). As Donald Trump is no longer in office, the senate does not have any legal or Constitutional authority to try him and, as such, the defendants cannot possibly prevail on the merits.

Furthermore, actions of the defendants are bordering on criminal under Title 18, Section 242 of the US Constitution, Deprivation of Rights under the Color of Authority. By exceeding their constitutional authority and trying a private

individual Donald Trump, they are seeking to deprive him of his constitutional right to run for office in the future and they are seeking to deprive 75 million of his voters of their right to vote for him in the future. A monetary legal remedy would be inadequate in this case, as 75 million Americans would be deprived of their first amendment right to political free speech, their right to vote for the candidate of their choice. As such an injunctive equitable relief is needed.

## ABSENT THE INJUNCTION THE PLAINTIFF WILL BE IRREPARABLY HARMED

Nancy Pelosi, Speaker of the House, has announced that the Articles of Impeachment of Donald Trump, who is currently a private individual, will be transmitted to the US Senate on Monday, 01.25.21. the trial is expected to be held shortly thereafter. If Donald Trump is convicted and in separate vote is prevented from running for president again, the plaintiffs, members of the Defend Our Freedoms Foundation, would be unable to exercise their First Amendment right of political speech and their right to vote for Donald Trump. The plaintiffs will suffer irreparable harm.

## THE BALANCE OF EQUITES TIPS IN PLAINTIFF'S FAVOR

The balance of equities tips in plaintiff's favor. "If the balance tips decidedly toward plaintiffs, and if plaintiffs have raised serious enough questions to require litigation, the injunction should issue." Aguirre v. Chula Vista Sanitary Service & Sani-Tainer, Inc., 542 F.2d 779, 781 (9th Cir. 1976) [emphasis added]. Defendants will not suffer any harm. Article 2, section 4 of the US constitution does not give the defendants any right whatsoever to try a private citizen who is no longer in office. Further, even if Donald Trump were to be in office, and he isn't, the only remedy available to the senate would have been the removal from office. As such,

defendants will not suffer any harm, while the plaintiffs will suffer irreparable harm, as they will be deprived of their first amendment right to free speech, their right to vote for Donald Trump in future elections, as such the balance of equities tip in favor of the plaintiffs.

**THE PUBLIC INTEREST NECESSITATES PRELIMINARY INJUNCTION**

Free speech, particularly free political speech represented in voting, is in public interest. Moot, illegal and unconstitutional trial of private citizen Donald Trump, conducted with ulterior motive of depriving him from running for federal public office in the future and depriving 75 million of his voters of their right to vote for him again in the future, is clearly against the public policy, which necessitates granting of the injunction. Moreover, a remedy to bar a person from running for President in the future would not be available to the U.S. Senate, as Article 2, Section 1, Clause V, only requires that a President meet just 3 qualifications: Be 35 years of age or older, 14 years a resident of the United States, and be a NATURAL born citizen. There is no exception/caveat that the President must NOT have been impeached by the U.S. Senate. Only a Constitutional Amendment can add such a requirement to run for the US president.

Additionally, preservation of the US Constitution and constitutional principles is in the public interest. Here, preliminary injunction will uphold Article 2, Section 4 of the US Constitution, based on which only the sitting president can be tried in impeachment trial, not a private individual.

Furthermore, illegal and unconstitutional trial of a private individual, who is no longer in office will create a dangerous precedent reflecting on multiple future federal appointments. Arguendo, a brilliant jurist, who does not hold a federal position, might be tried in such a sham senate trial with the only goal of preventing him from ascending to the Supreme Court or Federal Bench in general in the

future. A party in power may hold such preemptive trials to prevent multiple future candidates for federal office of ever taking office in the future, and as such the whole party that is out of power will be emasculated. Such actions are clearly against the public policy.

## CONCLUSION

Plaintiffs' motion for a preliminary injunction should be granted. The court should STAY the senate trial of a private citizen Donald Trump until the matter is fully heard on the merits and the trial is vacated.

Respectfully submitted

Dated this 01.26.21

_____
/s/ Orly Taitz, ESQ
29839 Santa Margarita, ste 100
Rancho Santa Margarita, CA 92688
ph 949-683-5411 fax 949-766-7603
orly.taitz@gmail.com
Counselor for the plaintiff

## PROOF OF SERVICE

I, Orly Taitz, counselor for the plaintiff in the legal action herein, served the defendants with the attached pleadings by certified mail as follows:

1. Chuck Schumer
c/o US Attorney

411 W 4th str. #8000, Santa Ana, CA 92701

and at

322 Hart Senate Office Building

Washington, D.C. 20510

2. Kamala Harris

c/o US Attorney

411 W 4th str. #8000, Santa Ana, CA 92701

and at
1600 Pennsylvania Ave NW Washington DC 20006

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23                              **PROPOSED ORDER**
24
25
26
27
28

## US DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| DEFEND OUR FREEDOMS FOUNDATION,<br><br>    Plaintiff,<br><br>    vs.<br><br>SENATOR CHUCK SCHUMER IN HIS CAPACITY AS THE SENATE MAJORITY LEADER, VICE PRESIDENT KAMALA HARRIS IN HER CAPACITY OF THE PRESIDENT OF THE SENATE, | Case No.: 8:21-cv-00120<br><br>DEFEND OUR FREEDOMS FOUNDATION V SENATOR CHUCK SCHUMER AND VICE PRESIDENT KAMALA HARRIS |

Defendants

## Order

Defendants, Senator Chuck Schumer, in his capacity as the Senate Majority leader, and Kamala Harris, in her capacity as the President of the Senate, are ordered to STAY impending senate impeachment trial of private citizen Donald J. Trump pending adjudication on the merits

_____

/s/ Honorable Cormac J. Carney