JS-6

FILED
CLERK, U.S. DISTRICT COURT
1/29/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| **DEFEND OUR FREEDOMS FOUNDATION,**<br><br>Plaintiff,<br><br>v.<br><br>**CHARLES SCHUMER, in his capacity as the Senate Majority Leader, and KAMALA HARRIS, in her capacity as the President of the Senate,**<br><br>Defendants. | Case No.: SACV 21-00120-CJC(KESx)<br><br>**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION AND *SUA SPONTE* DISMISSING THE ACTION [Dkt. 13]** |

## I. INTRODUCTION & BACKGROUND

On January 21, 2021, Plaintiff Defend Our Freedoms Foundation filed a complaint against Defendants Charles Schumer and Vice President Kamala Harris, in their capacities as the Senate Majority Leader and President of the Senate, respectively,

challenging the pending United States Senate impeachment trial of former President Donald Trump.  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Specifically, it argues that the trial is unconstitutional and is "aimed at depriving his voters, [Plaintiff's Members], of their first amendment right to vote for [Trump] and have him elected in 2024 or at any other time in the future."  (*Id.* at 2.)

On January 26, 2021, Plaintiff filed a motion for preliminary injunction seeking a stay of the pending impeachment trial.  (Dkt. 9; *see* Dkt. 13 [Amended Motion for Preliminary Injunction, hereinafter "Mot."].)[1]  Because Plaintiff lacks standing to bring its claim, Plaintiff's motion is **DENIED**, and the instant action is *sua sponte* **DISMISSED**.

**II. DISCUSSION**

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing."  *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999).  To satisfy Article III's standing requirement, "a plaintiff must show (1) that [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).  "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure

---

[1] In its motion, Plaintiff improperly seeks a February 1, 2021 hearing date.  "[A]n application for preliminary injunction shall be made by notice of motion," Local Rule 65-1, which must be filed with the clerk "not later than twenty-eight (28) days before the date set for hearing," Local Rule 6-1.  Because Plaintiff filed its motion on January 26, 2021, the earliest this motion could be heard is on February 23, 2021.

that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 n.2 (1992).

Plaintiff argues that the Senate impeachment trial will deprive Donald Trump's voters of their right to vote for him in the 2024 election or future elections. (Compl. at 2; Mot. at 3, 7.) This alleged injury is far too speculative to constitute an injury in fact. Plaintiff's theory relies on at least three highly speculative possibilities which "do[] not satisfy the requirement that threatened injury must certainly be impending": (1) the Senate will convict Trump by a two-thirds majority, (2) after convicting Trump, the Senate will disqualify Trump from holding federal office by a simple majority, and (3) Trump will be a candidate for public office the 2024 election or in the future. *See Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 410 (2013).

The Supreme Court has expressed "reluctance to endorse standing theories that rest on speculation about the decisions of independent actors." *Id.* at 414. Here, Plaintiff's apparent standing theory rests on speculation about the decisions of at least 101 independent actors, the 100 members of the United States Senate and Trump. In order for Trump to be disqualified from running for public office, 67 Senators must vote to convict him, and 51 Senators must then vote to disqualify him. Furthermore, Plaintiffs can only speculate as to whether Trump will run for President, or other public office, in the future. The Court is not aware of any facts, nor has Plaintiff provided any, which substantiate the assumption that Trump will seek public office in the future. Simply put, Plaintiff's allegations fail to establish that its injury is certainly impending. *See Lujan v. Defs. of Wildlife*, 504 U.S. at 564 n.2.

//
//
//

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is **DENIED.** Because Plaintiff lacks standing to bring its claim, the Court *sua sponte* **DISMISSES** this action. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

DATED: January 29, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE